IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHEY A. FISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3319-CV-S-GAF-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This suit involves an application under the Social Security Act (the Act) for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff's application was denied initially. On October 1, 2003, following a hearing, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability" as defined in the Act. On June 4, 2004, the Appeals Council denied review.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). "As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the

Commissioner. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The Eighth Circuit has noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).[1]

To establish entitlement to benefits, plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The ALJ found that plaintiff had a depressive disorder, a seizure disorder[2], and was status post repair of a comminuted fracture repair and arthroscopy of the right knee, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R., § 404, Subpart P, Appendix 1, Regulations No. 4. The ALJ further found that while plaintiff's impairments would preclude her from performing her past work, they would not preclude her from performing other work existing in significant numbers in the national economy. Consequently, the ALJ found plaintiff was not disabled.

In order for plaintiff to show that her impairment matches a listing, the impairment must meet all specified medical criteria. *See Deckard v. Apfel*, 213 F.3d 996, 997 (8th Cir. 2000). "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively."

---

[1]Upon review of the record and application authority herein, the defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

[2]The ALJ's findings regarding plaintiff's seizure disorder are not entirely clear. In the body of the decision, the ALJ states that he is not persuaded that plaintiff has a seizure disorder while in his findings he includes a seizure disorder as one of plaintiff's impairments. The ALJ's findings are accepted as controlling. In any event, the ALJ's decision indicates that he does not believe the seizure disorder causes significant limitations.

*Caviness v. Apfel,* 4 F.Supp.2d 813, 818 (S.D.Ind. 1998). It is plaintiff's burden to show that she meets all of the specified criteria for any listed impairment. *See Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995)(citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).

Plaintiff argues that she meets the listings for a seizure disorder at 20 C.F.R. pt. 404, subpart P, app. 1, § 11.02. Listing 11.02 requires documentation by an electroencephalogram (EEG) and a detailed description of a typical seizure. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02. The ALJ noted that in this case, EEG results were normal. Thus, plaintiff has not met her burden to prove she meets Listing 11.02.

Plaintiff also argues that she meets or equals the listing found at 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.03. That listing requires, *inter alia*, that plaintiff be able to ambulate effectively. *Id*. The record as a whole, however, shows that plaintiff did not have the requisite inability to ambulate effectively. In March 2002, Dr. Ash noted that although plaintiff ambulated with a slight limp favoring the right leg, she walked on toes and heels satisfactorily. Dr. Ash stated that plaintiff did not require a cane and could stand and/or walk for at least two hours in an eight hour day. J.W. Phillip, D.O.'s April 2003 assessment indicated plaintiff could stand and/or walk for two hours in an eight hour day. These limitations are inconsistent with the listing requirement that the claimant does not have the ability to ambulate effectively. Plaintiff has not met her burden to demonstrate that she met or equaled any listing.

Plaintiff further argues that the ALJ did not properly consider the evidence, including the medical opinion evidence, in determining plaintiff's Residual Functional Capacity.

Questions of fact, including the credibility of a plaintiff's subjective testimony, are the province of the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). In this case, the

3

ALJ specifically found that plaintiff's testimony was not entirely credible. His consideration of the subjective aspects of plaintiff's complaints comported with the regulations at 20 C.F.R. § 416.929 (2005), and the framework set forth in *Polaski v. Heckler*, 739 F.3d 1320 (8th Cir. 1984). If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, the court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991)(citing *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). The evidence of record supported the ALJ's decision discounting the credibility of plaintiff's testimony.

The record also reflects that the ALJ considered the medical evidence and found that it did not support the extent of plaintiff's allegations. The ALJ noted that the EEG results were normal. The ALJ also considered that in March 2002, Dr. Ash noted that although plaintiff ambulated with a slight limp favoring her right leg, she walked on toes and heels satisfactorily. Plaintiff was able to squat 50 percent normally and had no difficulty arising from the examination table, a chair, or with dressing or undressing. Straight leg raise tests were to 90 degrees. Significantly, Dr. Ash stated that plaintiff did not require a cane. Regarding plaintiff's mental problems, the ALJ also considered that Dr. Thomas noted that plaintiff appeared to be adequately treated for her depression. Dr. Thomas noted plaintiff had a normal thought process.

Dr. Ash's findings were generally consistent with the ALJ's ultimate residual functional capacity (RFC) findings. Regarding plaintiff's mental limitations, Dr. Thomas, a treating psychiatrist, opined that plaintiff had mild limitations for understanding and remembering simple and moderate instructions and had a moderate limitation for understanding and remembering complex instructions. Dr. Thomas further opined that plaintiff had a mild impairment in interacting socially and adapting to her environment.

4

Plaintiff argues that the ALJ did not reference or discuss any of the findings of Clara N. Applegate, M.D. However, the ALJ specifically referenced the EEG findings made by Dr. Applegate and relied on that test to find plaintiff's seizure disorder was not disabling. Plaintiff also argues that the ALJ improperly discounted Dr. Phillip's opinions. The ALJ may reject the opinion of any medical expert where it is inconsistent with the medical record as a whole. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). In this case, the ALJ found that Dr. Phillip's opinions were not supported by his treatment notes and the record as a whole. Moreover, "[i]t is the ALJ's function to resolve conflicts among the various treating and examining physicians." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) citing *Bentley v. Shalala*, 52 F.3d 784, 785-87 (8th Cir. 1995); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). IN this case, the ALJ found that Dr. Ash's and Dr. Thomas's opinions were more consistent with the record as a whole.

The ALJ noted that plaintiff reported she did not consume alcohol, but her blood test revealed an alcohol level of 121 on January 15, 2001. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. *See Wheeler v. Apfel*, 224 F.3d 891 (8th Cir. 2000)(citing *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999)).

The ALJ considered plaintiff's mother's testimony and gave it little weight. The ALJ noted that plaintiff's mother's testimony was credible as to her observations, but not credible to whether plaintiff is disabled. As the Eighth Circuit noted in *Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998), "Black's parents were not qualified to give an opinion regarding her capacity to work, however, and their testimony merely corroborated Black's testimony regarding her activities. The ALJ, having properly discredited Black's complaints of pain, was equally empowered to reject the cumulative testimony of

5

her parents." *Id*. In this case, there was evidence that showed plaintiff was not credible. Consequently, the ALJ could reasonably disregard the testimony of plaintiff's mother.

Thus, the ALJ considered the record consistent with the regulations at 20 C.F.R. § 416.929, and *Polaski*. In doing so, the ALJ properly pointed to significant factors including: the lack of objective medical evidence supporting plaintiff's complaints, the credible medical opinion evidence, and plaintiff's contradictory statements about her substance abuse. Substantial evidence supports the ALJ's credibility findings.

After weighing the credibility of plaintiff and the witness, the ALJ formulated plaintiff's RFC. The Eighth Circuit has noted that RFC is a determination based upon all the record evidence. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217-1218 (8th Cir. 2001)(citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)); *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000)(citing 20 C.F.R. § 404.1545; SSR 96-8p at pp. 8-9). The residual functional capacity formulation is a part of the medical portion of a disability adjudication as opposed to the vocational portion which involves consideration of age, education, and work experience. Although it is a medical question, the RFC findings are not based only on "medical" evidence, *i.e.*, evidence from medical reports or sources, rather an ALJ has the duty, at step four, to formulate RFC based on all the relevant, credible evidence of record. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)(the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations); *Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000)(per curiam)(RFC is a determination based

upon all the record evidence but the record must include some medical evidence that supports the RFC finding). *See also* 20 C.F.R. § 416.945; SSR 96-8p.

In this case, the ALJ found that plaintiff had the RFC to perform sedentary work in that she was able to lift and/or carry no more than 10 pounds occasionally, stand and/or walk for a total of two hours out of an eight-hour workday, and sit for a total of six hours out of an eight-hour work day. The ALJ further found that plaintiff's mental impairment resulted in no more than moderate limitations in her ability to perform work activity. As noted above, Dr. Ash's findings regarding plaintiff's physical limitations and Dr. Thomas's findings regarding plaintiff's mental limitations were generally consistent with the ALJ's ultimate RFC findings.

The ALJ determined that plaintiff had no nonexertional impairments which significantly reduced her ability to perform the full range of sedentary work, and thus, the ALJ used the medical vocational guidelines. The ALJ determined that plaintiff retained the RFC to perform sedentary work and had no more than moderate limitations in her ability to perform work activity. As discussed above, the ALJ discredited the severity of plaintiff's subjective complaints and found there was no evidence plaintiff's pain would substantially compromise her ability to do a full range of sedentary work.

When, as here, the ALJ determines that the claimant's nonexertional impairments do not prevent the claimant from performing the full range of work contemplated by the grids, he is not required to consult with a vocational expert and may properly rely on the medical-vocational guidelines at step five. *See Reynolds v. Chater*, 82 F.3d 254, 258-59 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). Plaintiff was 43 years old at the time of the ALJ's decision, which is defined as a younger individual. *See* 20 C.F.R. § 416.963(c). Plaintiff had unskilled work experience and a

7

Case 6:04-cv-03319-GAF   Document 16   Filed 07/14/05   Page 7 of 9

limited education.  *See* 20 C.F.R. § 416.964(b)(4).  Based upon these factors, Rule 201.24 of Table No. 1 of app. 2 of 20 C.F.R. pt. 404, subpt. P applies and directs a finding of not disabled.  The Commissioner, therefore, met her burden of showing that plaintiff could perform other work that exists in significant numbers in the national economy.

Plaintiff argues further that evidence submitted to the Commissioner after the ALJ's decision was not properly considered.  Evidence obtained after an ALJ's decision is material only if it relates to the claimant's condition on or before the date of the ALJ's decision.  *See Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993).  If plaintiff believes that her condition has deteriorated after that date, and that she now meets the requirements of disability as set out in the Social Security Act, she should immediately file a new application.  *See* 20 C.F.R. § 404.620; *see Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

Moreover, to the extent that the evidence relates to the relevant time period, the Notice of Appeals Council Action shows that the Commissioner considered all the additional evidence.  Once it is clear that the Appeals Council has considered newly submitted evidence, a court does not evaluate the Council's decision to deny review based on new evidence; instead, the role of the court is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including new evidence submitted after determination was made.  *See Stephens v. Shalala*, 50 F.3d 538, 541 (8th Cir. 1995); *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

In this case, there is nothing to suggest that the new evidence would have changed the ALJ's decision.  Indeed, the ALJ already discounted Dr. Phillip's opinion that plaintiff had disabling limitations

8

because it was inconsistent with his treatment notes and the record as a whole.  There is no reason to believe Dr. Phillip's second opinion that plaintiff was disabled would have changed the ALJ's decision.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

                                                    /s/ Gary A. Fenner
                                                    GARY A. FENNER, JUDGE
                                                     United States District Court

DATED:    July 14, 2005